IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARK T.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 4:26-cv-00010-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This matter comes before the Court on Plaintiff's appeal from the decision of the Social Security Administration denying his application for disability insurance benefits and supplemental security income.[1] This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).[2] It is recommended that the Court affirm the Commissioner's decision.

## I. STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether the findings are supported by substantial evidence and whether the correct legal standards were applied.[3] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[4] The ALJ is required to

[1] Docket No. 10, filed April 4, 2026.

[2] Docket No. 8.

[3] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[4] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

consider all of the evidence, although the ALJ is not required to discuss all of the evidence.[5] If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.[6] The Court must evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[7] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[8]

## II. BACKGROUND

### A. PROCEDURAL HISTORY

On January 16, 2023, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability beginning on January 5, 2022.[9] The alleged onset date was later amended to January 2021.[10] These claims were denied initially and on reconsideration.[11] Plaintiff then requested a hearing before an ALJ,[12] which was held on March 3, 2025.[13] On March 12, 2025, the ALJ found that Plaintiff was not disabled.[14] The Appeals Council denied

[5] *Id.* at 1009–10.

[6] *Richardson*, 402 U.S. at 390.

[7] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[8] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[9] R. at 288–307.

[10] *Id.* at 17, 429.

[11] *Id*. at 54–103.

[12] *Id*. at 125–26.

[13] *Id.* at 32–53.

[14] *Id.* at 14–31.

review on November 19, 2025,[15] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[16]

On January 16, 2026, Plaintiff filed his complaint in this case.[17] The Commissioner filed an answer and the administrative record on March 9, 2026.[18] Plaintiff filed his Opening Brief on April 4, 2026.[19] The Commissioner's Answer Brief was filed on June 22, 2026.[20] Plaintiff filed his Reply Brief on July 6, 2026.[21]

B. RECORD EVIDENCE

Plaintiff sought benefits because of vision problems, Chiari malformation, migraines, cervical and thoracic spinal stenosis, brain stem compression, cervical and thoracic bone spurs, degenerative disc disease of the cervical spine, numbness/loss of use of right hand, kidney cyst, and spinal cord compression.[22] Plaintiff has been treated for cervical spinal stenosis, neck pain, Chiari malformation, and chronic migraines.[23] He has also been assessed with lattice degeneration of the retina[24] and has undergone a laser retinopexy.[25]

---

[15] *Id.* at 1–6.

[16] 20 C.F.R. §§ 416.1481, 422.210(a).

[17] Docket No. 1.

[18] Docket No. 9.

[19] Docket No. 10.

[20] Docket No. 16.

[21] Docket No. 17.

[22] R. at 332.

[23] *Id.* at 501–10, 535–43, 588–89, 626–32, 634–38, 640–48, 691–93, 729–34.

[24] *Id.* at 596.

[25] *Id.* at 607.

At the hearing before the ALJ, Plaintiff pointed to his back and neck pain, and associated migraines, as the reason he stopped working.[26] He explained that his conditions made it unsafe for him to work and that his coworkers lost trust in him.[27] Plaintiff testified that he stays in bed most of the morning and when he attempts household chores his neck pain prevents him from doing much.[28]

C. THE ALJ'S DECISION

The ALJ followed the five-step evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 1, 2021, the amended alleged onset date.[29] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: disorder of the spine, Chiari malformation type I, headache disorder/migraines, and nerve damage in the wrists.[30] At step three, the ALJ determined that Plaintiff did not meet or equal a listed impairment.[31] At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work with certain limitations.[32] Then, the ALJ concluded that Plaintiff could not perform his past relevant work.[33]

---

[26] *Id.* at 41–43.
[27] *Id.* at 41.
[28] *Id.* at 45–47.
[29] *Id.* at 19.
[30] *Id.* at 20.
[31] *Id.* at 20–21.
[32] *Id.* at 21–24.
[33] *Id.* at 24.

At step five, the ALJ found that there were jobs that exist in significant numbers that Plaintiff could perform and, therefore, he was not disabled.[34]

## III. DISCUSSION

Plaintiff raises a single issue in his brief: whether the ALJ erred in evaluating the medical opinion evidence provided by Bret Hilton, PA-C. Mr. Hilton completed a Treating Physician Fact Sheet in February 2023.[35] Mr. Hilton noted spinal stenosis and degenerative changes in the cervical spine, Chiari malformation, degenerative changes in the thoracic spine, and disc protrusions in the lumbar spine. He noted that treatment has not significantly improved Plaintiff's pain. While Mr. Hilton was unable to answer many of the questions in the form, he did state that Plaintiff could ambulate without the use of assistive devices, use public transportation, climb steps at a reasonable pace using a handrail, prepare meals and feed himself, take care of his personal hygiene, and handle papers or filings in a reasonable manner. However, Mr. Hilton opined that Plaintiff could not stand and/or walk for at least six hours and would need breaks every thirty minutes.

The ALJ found Mr. Hilton's opinions unpersuasive.[36] The ALJ noted that the answers provided in the Treating Physician Fact Sheet were "largely conclusory in nature" and "without explanation."[37] The ALJ further found them "unsupported by [Plaintiff's] records of treatment and inconsistent with the evidence as a whole."[38] In reaching these conclusions, the ALJ failed to

---

[34] *Id.* at 24–26.

[35] *Id.* at 511–23.

[36] *Id.* at 23.

[37] *Id.*

[38] *Id.* (internal citations omitted).

provide much detail and, instead, cited to wide swaths of the administrative record as support. Plaintiff argues the ALJ's treatment of Mr. Hilton's opinions was erroneous.

An ALJ is not required to defer to or give any specific weight to medical opinions or prior administrative medical findings.[39] Rather, the ALJ must articulate "how persuasive [he or she] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record."[40] The ALJ determines persuasiveness using the criteria in 20 C.F.R. § 404.1520c(c): (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors tending to support or contradict a medical opinion or prior administrative medical finding. The most important criteria for determining persuasiveness are supportability and consistency.[41]

The ALJ must explain how he or she considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings, but is generally not required to explain how he or she considered other factors.[42] The supportability factor addresses how closely connected a medical opinion is to the objective medical evidence and supporting explanations the medical source presents: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)[,] . . . the more persuasive the medical opinions . . . will be."[43] The consistency factor, on the other hand, compares the medical opinion to evidence from other

---

[39] 20 C.F.R. § 404.1520c(a).

[40] *Id.* § 404.1520c(b).

[41] *Id.* § 404.1520c(a), (b)(2).

[42] *Id.* § 404.1520c(b)(2).

[43] *Id.* § 404.1520c(c)(1).

sources: "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be."[44]

Social Security Ruling 96-8p emphasizes that "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."[45] "The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence."[46]

Plaintiff takes issue with the lack of specificity in the ALJ's decision, correctly noting the lack of "specific citations" to the administrative records.[47] While the regulations do not specify the level of detail that the ALJ must include in articulating the relevant factors,[48] the ALJ must provide a sufficient rationale to permit judicial review.[49] The ALJ's articulation here, while certainly subpar, is sufficient to meet the requirements of the regulations and is sufficient to allow for review.

---

[44] *Id.* § 404.1520c(c)(2).

[45] SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

[46] *Id.*; *see also Givens v. Astrue*, 251 F. App'x 561, 568 (10th Cir. 2007) ("If the ALJ rejects any significantly probative medical evidence concerning [a claimant's] RFC, he must provide adequate reasons for his decision to reject that evidence.").

[47] Docket No. 10, at 13.

[48] 20 C.F.R. § 404.1520c(b)(2).

[49] *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012); *Nielsen v. Comm'r, SSA*, No. 21-4136, 2022 WL 15570650, at *5 (10th Cir. Oct. 28, 2022) (noting that the articulation requirements are met when they "will allow a subsequent reviewer or a reviewing court to trace the path of an adjudicator's reasoning") (internal quotation marks and citation omitted).

Specifically, the ALJ addressed the supportability factor noting that Mr. Hilton's opinions were "largely conclusory" and "without explanation."[50] Review of Mr. Hilton's Treating Physician Fact Sheet supports this finding. Mr. Hilton was unable to answer a number of questions and the responses he was able to provide were rather terse, largely lacking any explanation.

With respect to the consistency factor, the ALJ concluded that Mr. Hilton's opinions were not supported by his treatment records and the record as a whole. While it certainly would have been more helpful if the ALJ provided more specific citations to the record to support her assessment, the ALJ's discussion of the relevant evidence elsewhere in the decision is sufficient to trace her reasoning.[51] Plaintiff points to evidence that could support greater limitation than those found by the ALJ, but "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[52] Though certainly not the gold standard, the ALJ satisfied the articulation requirement.

Plaintiff also argues that the ALJ improperly substituted her judgment for that of Mr. Hilton when stating that she did "not find the claimant's headaches or other pain to be intractable nor to require a change in position every 30 minutes."[53] While an ALJ may not substitute his or

---

[50] R. at 23.

[51] *See Bryan T. v. Dudek*, 799 F. Supp. 3d 943, 952 (N.D. Cal. Sept. 8, 2025) (explaining that "[w]hile more extensive use of pin citations might have been helpful, the ALJ's citations are sufficiently specific to allow this Court to review her reasoning").

[52] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

[53] R. at 23.

her judgment over that of a medical expert,[54] the better reading of the ALJ's statement demonstrates that the ALJ simply concluded, somewhat ineloquently, that Mr. Hilton's opined limitations were not supported by the record. Thus, the ALJ did not substitute her medical expertise for that of Mr. Hilton but rather discussed why she did not find his opinions persuasive.

## IV. CONCLUSION AND RECOMMENDATION

Having made a thorough review of the entire record, it is recommended that the Court affirm the Commissioner's decision.

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 22nd day of July 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

[54] *See Kemp v. Bowen*, 816 F.2d 1469, 1476 (10th Cir.1987) (stating that an ALJ "can not interpose [her] own 'medical expertise' over that of a physician").